FILED
_6/21/2016_
Date          Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA
JLC

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIGHTING SCIENCE GROUP
CORPORATION,

    Plaintiff,

v.

AMERICAN DE ROSA LAMPARTS, LLC
d/b/a LUMINANCE

    Defendant.

_____/

Case No.: 6:16-CV-1087-ORL-41KRS

**JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lighting Science Group Corporation, through its attorneys, alleges the following:

### PARTIES

1. Plaintiff Lighting Science Group Corporation ("LSG") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 811 N. Atlantic Avenue, Cocoa Beach, Florida 32931.

2. Upon information and belief, Defendant American De Rosa Lamparts, LLC ("Defendant") is a company, doing business as Luminance, and is organized and existing under the laws of the state of California with its principal place of business located at 1945 S. Tubeway Avenue, Commerce, California 90040, but does business throughout the United States, including Florida and whose registered agent is CT Corporation located at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

### JURISDICTION AND VENUE

3. This is a claim for patent infringement and arises under the patent laws of the United

States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant is transacting business within this District and has committed acts and, on information and belief, will continue to commit acts within this District giving rise to this action, including offering to sell and selling infringing products and/or placing infringing products, directly or through intermediaries (including distributors, retailers, and others), into the stream of commerce in such a way as to reach customers in this District. Defendant has purposefully and voluntarily sold one or more of its infringing products with the expectation that they will be purchased by consumers in this District. These infringing products have been and continue to be purchased by consumers in this District. Defendant has committed acts of patent infringement within the United States and more particularly, within this District.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I
**(Infringement of U.S. Patent No. 8,201,968)**

6. Plaintiff repeats and re-alleges Paragraphs 1-5 as though fully set forth herein.

7. Plaintiff is the owner by assignment of United States Patent No. 8,201,968, entitled "Low Profile Light," which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on June 19, 2012 (the "'968 Patent"). A true and correct copy of the '968 Patent is attached hereto as Exhibit A.

8. The '968 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

9. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '968 Patent, if any, have

complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '968 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendant.

10. Upon information and belief, Defendant has infringed and will continue to infringe at least Claims 1, 2, 14, 15, 16 and 18 of the '968 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its F9908-30 product. Defendant is liable for direct infringement, either literally or under the doctrine of equivalents pursuant to 35 U.S.C. § 271 (a).

11. Plaintiff has at no time either expressly or impliedly licensed Defendant to practice the '968 Patent.

12. Defendant's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

13. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '968 Patent.

## COUNT II
### (Infringement of U.S. Patent No. 8,672,518)

14. Plaintiff repeats and re-alleges Paragraphs 1-5 as though fully set forth herein.

15. Plaintiff is the owner by assignment of United States Patent No. 8,672,518 entitled "Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 3, 2015 (the "'518 Patent"). A true and correct copy of the '518 Patent is attached hereto as Exhibit B.

16. The '518 Patent is valid and enforceable and Plaintiff has the full right to recover

for past infringement damages and the right to recover future royalties, damages and income.

17. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '518 Patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '518 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendant.

18. Upon information and belief, Defendant has infringed and will continue to infringe at least Claim 1, 3, 5, 6, 7, 8 and 11 of the '518 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its F9901-30-1, F9904-30-1, F9906-30-1 products. Defendant is liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271 (a).

19. Upon information and belief, Defendant has infringed and will continue to infringe at least Claim 1, 3, 5, 6, 7, 8, 9, 11, 12, 13, and 14 of the '518 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its F9908-30 products. Defendant is liable for direct infringement, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271 (a).

20. Plaintiff has at no time either expressly or impliedly licensed Defendant to practice the '518 Patent.

21. Defendant's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

22. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '518 Patent.

## COUNT III
### (Infringement of U.S. Patent No. 8,967,844)

23. Plaintiff repeats and re-alleges Paragraphs 1-5 as though fully set forth herein.

24. Plaintiff is the owner by assignment of United States Patent No. 8,967,844 entitled "Low Profile Light And Accessory Kit For The Same," which was duly and legally issued by the USPTO on March 3, 2015 (the "'844 Patent"). A true and correct copy of the '844 Patent is attached hereto as Exhibit C.

25. The '844 Patent is valid and enforceable and Plaintiff has the full right to recover for past infringement damages and the right to recover future royalties, damages and income.

26. To the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff, and all predecessors in interest and/or implied or express licensees of the '844 Patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '844 Patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to Defendant.

27. Upon information and belief, Defendant has infringed and will continue to infringe at least Claims 1, 2, 7, 8, 9, 12, 14, 16, 17, 21, 22 and 24 of the '844 Patent by, among other activities, making, using, selling or offering to sell in or importing into the United States its F9901-30-1, F9904-30-1, and F9906-30-1 products. Defendant is liable for direct infringement, either literally or under the doctrine of equivalents. pursuant to 35 U.S.C. § 271 (a).

28. Plaintiff has at no time either expressly or impliedly licensed Defendant to practice the '844 Patent.

29. Defendant's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement.

30. Defendant's infringing activities have injured and will continue to injure Plaintiff,

unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, sale, importation, and/or offer for sale of products that come within the scope of the claims of the '844 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment against Defendant and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, and employees, and all persons in privity or active concert or participation with Defendant, granting the following relief:

A. the entry of judgment in favor of Plaintiff and against Defendant;

B. a preliminary injunction prohibiting further infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent by Defendant, their agents, employees, representatives, successors and assigns and those acting in privity or in concert with them;

C. a permanent injunction prohibiting further infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent by Defendant, their agents, employees, representatives, successors and assigns and those acting in privity or in concert with them;

D. an award of actual damages against Defendant for damages arising from the infringement of each of the '968 Patent, the '518 Patent, and the '844 Patent pursuant to 35 U.S.C. § 284;

E. an award of damages against Defendant for pre-judgment and post-judgment interest on the damages awarded, including an award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '968 Patent, the '518 Patent, and the '844 Patent by Defendant to the day a damages

judgment is entered and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law;

F. the entry of judgment that this case is exceptional, and award treble damages, attorney fees, and the costs of this action, pursuant to 35 U.S.C. § 285;

G. in the event a final injunction is not granted, a compulsory ongoing royalty; and

H. such other relief to which Plaintiff is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

/s/ *Mark F. Warzecha*
Mark F. Warzecha
Florida Bar No. 95779
**WIDERMAN MALEK PL**
1990 W. New Haven Ave., Ste. 201
Melbourne, Florida 32904
Tel. (321) 255-2332
Fax (321) 255-2351
MFW@USLegalTeam.com